UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DIMARIAN MOORE on Behalf of Herself
and on Behalf of All Others Similarly
Situated

    Plaintiff(s),

V.

MAJED DABISH, MNM EIGHT MILE
INC., MD ENTERTAINMENT, LLC

    Defendants.

Case No. 2:19-cv-12684

COLLECTIVE ACTION
JURY TRIAL DEMANDED

# PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff DiMarian Moore, individually and on behalf of all others similarly situated, moves for entry of a default judgment against Defendants Majed Dabish, MNM Eight Mile Inc., and MD Entertainment, LLC. In support of Plaintiff's Motion, Plaintiff relies upon the attached Brief and exhibits thereto, and the Court's file in this matter.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: */s/ David W. Hodges*
David W. Hodges
dhodges@kennedyhodges.com
Fed. ID NO. 20460
State Bar No. 00796765
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001

1

Facsimile: (713) 523-1116

FAGAN MCMANUS, P.C.

Jennifer L. McManus (P65976)
Local Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**DIMARIAN MOORE on Behalf of Herself**
**and on Behalf of All Others Similarly**     Case No. 2:19-cv-12684
**Situated**

                                          **COLLECTIVE ACTION**
      **Plaintiff(s),**                      **JURY TRIAL DEMANDED**

**V.**

**MAJED DABISH, MNM EIGHT MILE**
**INC., MD ENTERTAINMENT, LLC**

      **Defendants.**

**<u>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>**

## **STATEMENT OF ISSUE PRESENTED**

Whether the Plaintiff should be awarded a default judgment against Defendants Majed Dabish, MNM Eight Mile Inc., and MD Entertainment, LLC when Defendants failed to file an Answer or otherwise defend themselves in this action?

## **CONTROLLING AUTHORITY**

Fed R. Civ. P. 55(b).

## BACKGROUND

Plaintiff DiMarian Moore ("Plaintiff") was employed by Defendants Majed Dabish, MNM Eight Mile Inc., and MD Entertainment, LLC (hereinafter "Defendants") as an exotic dancer from approximately June 2017 until July 2019. Plaintiff alleges that, despite controlling the economic realities of Plaintiff's working conditions and treating her as an employee, Defendants misclassified her as an independent contractor under the Fair Labor Standards Act ("FLSA"). As a result of this misclassification, Defendants failed to compensate Plaintiff minimum wages or overtime pay due under the FLSA. Despite being timely served with the present lawsuit, Defendants have failed to file an answer. Plaintiff now moves the Court to enter default judgment against Defendants.

## STATEMENT OF FACTS

Plaintiff filed her Complaint on September 12, 2019. (Docs. 1, 2). The court issued summons the same day. (Doc. 3). Plaintiff alleges that she performed as an exotic dancer at the club "Truth Detroit" on 6200 E. 8 Mile Rd., Detroit, MI, 48234 from approximately June 2017 until approximately June 2019. The club is owned and operated by Majed "Mike" Dabish, through the domestic for profit corporation MNM Eight Mile Inc.

On October 30, 2019, the summons and Amended Complaint were served on Defendants. Plaintiff filed the proofs of service on November 7, 2019. (Docs. 5-7).

On December 12, 2019, Plaintiff filed her requests for Clerk's entry of default against Defendants. (Docs. 9-11). On December 16, 2019, the Clerk entered default against Defendants. (Docs. 12-14).

## ARGUMENT

Before a default judgment may be entered, a party first must obtain a default. Fed. R. Civ. P. 55(a). "Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction." *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E.D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)) (emphasis added). Where a defendant has failed to answer or to otherwise respond to the complaint and the Clerk of Court has entered default, "the Court must accept all well pleaded factual allegations in the ... complaint relating to defendant ... as true." *Grange Ins. Co. of Mich. v. Parrish*, No. 13-11822, 2014 WL 12662275, *1 (E.D. Mich. May 30, 2014) (citing *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013)). *See Trustees of Roofers Local 19 Sec. Benefit Tr. Fund v. Traverse Bay Roofing Co.*, No. 16-13091, 2017 WL 1021066, *1 (E.D. Mich. Mar. 16, 2017). "[W]ell-pleaded factual allegations are sufficient to establish a defendants' liability" in connection with a default judgment motion. N*at'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-CV-74510-DT, 2002 WL 1303039, *3 (E.D. Mich. May 21, 2002). Additionally, judgment by default may be entered without a hearing on

damages where the amount claimed is "capable of ascertainment from the definite figures contained in the documentary evidence or in detailed affidavits." *Commodity Futures Trading Com'nn v. Marquis Fin. Mgmt. Syst., Inc.*, No. 03-74206, 2005 WL 3752233, at *2 (June 8, 2005).

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

**I.    Defendants' liability is established by entry of default, and Plaintiff's well-pleaded allegations in the Complaint are considered admitted.**

Fed. R. Civ. P. 55(a) requires entry of default by the clerk when a party fails to plead or otherwise defend an action. Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Defendants have not only failed to plead or otherwise defend, they also failed to appear. Consequently, Defendants have admitted that Moore was misclassified as an independent contractor under the

8

FLSA. Doc. 2 at ¶50-52. Defendants have admitted that they failed to compensate Plaintiff at the mandated minimum wage rate for hours she worked. Doc. 2 at ¶53. Defendants have admitted that they failed to compensate Plaintiff at the mandated overtime rate for hours she worked. Doc. 2 at ¶53. Defendants have admitted that they required Plaintiff to "tip out" employees who do not customarily and regularly receive tips in violation of the FLSA. *See* 29 U.S.C. § 203(m); Doc. 2 at ¶68. Defendants have admitted that they failed to maintain adequate records of the hours worked by Plaintiff. *See* 29 C.F.R. §§ 516.2, 516.5; Doc. 2 at ¶57-58. This warrants an inference on damages from Plaintiff's declaration in support of the present Motion. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); Doc. 2 at ¶58. Finally, Defendants have admitted that their alleged violations of the FLSA were willful and not in good faith. Doc. 2 at ¶54.

II. **Plaintiff Moore is entitled to default judgment, along with costs and reasonable attorney fees.**

Plaintiff Moore's Declaration in support of the present Motion adequately supports her claim for damages. She alleges that she has personal knowledge of the facts forming the basis of her claim. *See* Exhibit A at ¶1. Plaintiff Moore performed for Defendants from approximately June 2017 until approximately June 2019. Ex. A at ¶3. On a typical week, Plaintiff worked six 10-hour shifts. Ex. A at ¶3. On average, Plaintiff was required to pay a $50 house fee prior to performing for Defendants. Ex. A at ¶4. In total, Plaintiff is entitled to a default judgment in the

amount of $44,805.00 in minimum wages, $7,467.50 in overtime wages, $30,900.00 in house fees, and $83,172.50 in liquidated damages. *See* Ex. A at ¶5.

In support of an award for attorney's fees and case expenses, the declaration of Plaintiff's counsel David Hodges is attached herein. *See* **Exhibit B**, Declaration of David Hodges. Courts in this District regularly and favorably cite to the State Bar of Michigan Economics of Law Practice Survey as a basis for reasonableness of fees. *See, e.g., Sykes v. Anderson*, No. 05-71199, 05-73725, 2008 WL 4776837, at *5 n.10 (E.D. Mich. Oct. 31, 2008) ("The Sixth Circuit has approved the use of the State Bar of Michigan surveys in calculating prevailing rates."). The survey from 2017 is attached to this Motion. *See* **Exhibit C**, 2017 Economics of Law Practice. Plaintiff's counsel has been a practicing attorney in Houston, Texas for 23 years handling primarily personal injury, medical malpractice, and FLSA cases. Kennedy Hodges, LLP consists of three partners and four associates. The $300 billable rate is reasonable considering the type of practice and firm size.

## **CONCLUSION**

Because of the foregoing reasons, Plaintiff respectfully requests the Court to:

A.   Enter a default judgment against Defendants Majed Dabish, MNM Eight Mile Inc., and MD Entertainment, LLC in the amount of $166,345.00.

B.   Award Plaintiff costs and attorney's fees in the amount of $5,418.15.

C.   Grant any other such relief the Court deems just and proper.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: */s/ David W. Hodges*
David W. Hodges
dhodges@kennedyhodges.com
Fed. ID NO. 20460
State Bar No. 00796765
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

FAGAN MCMANUS, P.C.

Jennifer L. McManus (P65976)
Local Attorney for Plaintiff
25892 Woodward Avenue
Royal Oak, MI 48067-0910
(248) 542-6300
jmcmanus@faganlawpc.com

## CERTIFICATE OF SERVICE

This is to certify that on December 19, 2019, I electronically filed the foregoing Motion for Default Judgment through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ David Hodges*
David Hodges